UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN J. KOHOUT; and SUSAN R. KOHOUT,

          Appellants,        3:16-CV-1372
                                                       (GTS)
v.

NATIONSTAR MORTGAGE, LLC; and
CH. 13 TRUSTEE,

          Appellees.
_____

APPEARANCES:                                         OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON          STEVEN R. DOLSON, ESQ.
  Counsel for Appellants
126 N. Salina St., Suite 3B
Syracuse, NY 13202

SANDELANDS EYETT, LLP                    LAURENCE P. CHIRCH, ESQ.
  Counsel for Appellee Northstar Mortgage, LLC     MATTHEW T. EYET, ESQ.
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921

OFFICE OF THE CHAPTER 13 TRUSTEE         MARK W. SWIMELAR, ESQ.
250 South Clinton Street, Suite 203
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

     Currently before the Court, in this bankruptcy proceeding commenced by Kevin J. Kohout and Susan R. Kohout ("Debtors"), is an appeal filed by Debtors seeking review of an Order by United States Bankruptcy Judge Diane Davis dated November 10, 2016, denying Debtors' motion seeking a judgment declaring the mortgage lien held by Nationstar Mortgage, LLC ("Creditor" or "Nationstar") void by operation of 11 U.S.C. § 506(d). (Dkt. No. 1.) For the reasons that follow, the appeal is denied and Bankruptcy Judge Davis's Order is affirmed.

## I. RELEVANT BACKGROUND

### A. Events Alleged in Debtors' Adversary Complaint

Generally, in their Adversary Complaint, Debtors allege as follows. (Dkt. No. 5, Attach. 11.) On April 14, 2010, Debtors filed a voluntary Chapter 13 petition and Chapter 13 plan. (*Id.*, ¶ 5.) On August 4, 2010, the plan was confirmed by the Bankruptcy Court. (*Id.*, ¶ 6.) On June 14, 2010, Bridgefield Corp. ("Bridgefield"), the company servicing Debtors' mortgage on property located at 16200 Main Street (a/k/a 16200 State Highway 23), Davenport, New York (the "Property"), filed a Proof of Claim that alleged a debt of $127,123.67 with an arrearage claim of $19,665.63. (*Id.*, ¶ 7.) The Proof of Claim was docketed as Claim #13. (*Id.*) On September 16, 2010, Aurora Bank, FSB ("Aurora") filed a transfer of claim other than for security, which transferred Claim #13 from Bridgefield to Aurora. (*Id.*, ¶ 8.) On October 14, 2010, the Chapter 13 Trustee, Mark W. Swimelar, filed a Notice of Claim that included Claim #13. (*Id.*, ¶ 9.)

On December 3, 2010, Debtors filed an objection to the Proof of Claim that was filed by Bridgefield. (*Id.*, ¶ 10.) The basis for the objection was that (a) the Proof of Claim did not include any documentation showing that Bridgefield had a secured interest in the Property, and (b) Debtors did not believe that the arrearage amount was accurately stated. (Dkt. No. 4, Attach. 1.) On January 27, 2011, the Court issued an Order disallowing Claim #13. (Dkt. No. 5, Attach. 11, ¶ 11.) The Order stated, as the basis for the disallowance of the claim, that "[n]o opposition was filed and no hearing was held." (Dkt. No. 4, Attach. 3.) On April 25, 2011, Aurora filed a motion for relief from the automatic stay but it withdrew its motion on July 22, 2011. (Dkt. No. 5, Attach. 11, ¶ 12.) On July 15, 2012, a transfer of claim other than for security was filed, transferring Claim #13 from Aurora to Nationstar, after Nationstar took over the servicing of the mortgage loan. (*Id.*, ¶ 13.)

### B. Proceedings Following the Filing of the Adversary Complaint

On June 18, 2015, Debtors filed their Adversary Complaint seeking a determination of whether the mortgage lien held by Nationstar was void by operation of 11 U.S.C. § 506(d) as well as whether the lien was dischargeable. (Dkt. No. 5, Attach. 11.) On August 5, 2015, Nationstar filed its Answer with affirmative defenses. (Dkt. No. 5, Attach. 12.)

On March 21, 2016, Nationstar filed a motion for summary judgment, seeking an Order dismissing the Adversary Proceeding and allowing its secured first-priority mortgage lien to pass through bankruptcy. (Dkt. No. 6, at 51-67.) On the same date, Debtors also moved for summary judgment, seeking a judgment declaring the mortgage lien held by Nationstar void by operation of 11 U.S.C. § 506(d). (Dkt. No. 6, Attach. 1.) The parties filed a joint statement of facts in connection with their respective motions. (Dkt. No. 5, Attach. 13.)

On April 4, 2016, Nationstar filed its opposition to Debtors' motion. (Dkt. No. 6, Attach. 2.) On April 5, 2016, Debtors filed their opposition to Nationstar's motion. (Dkt. No. 6, Attach. 3.) On April 13, 2016, Nationstar filed its reply memorandum of law. (Dkt. No. 6, Attach. 4.) On April 21, 2016, Bankruptcy Judge Davis heard oral argument on the parties' respective motions. (Dkt. No. 6, Attach. 7.) On November 10, 2016, the Bankruptcy Court issued its Memorandum-Decision and Order granting Nationstar's motion and denying Debtors' motion. (Dkt. No. 2, at 8-21.) On November 16, 2016, Debtors filed a Notice of Appeal. (*Id.* at 22-23.)

### C. Parties' Arguments on Appeal

#### 1. Debtors' Brief-in-Chief

Generally, liberally construed, Debtors' appellate brief asserts three arguments. (Dkt. No. 9 [Debtors' Mem. of Law].)

First, Debtors argue that the disallowance of Claim #13 should be treated the same way as a disallowance under 11 U.S.C. § 502(b)(1) because Nationstar's predecessor-in-interest (i.e., Aurora or Bridgefield) failed to present evidence substantiating its Proof of Claim after Debtors filed an objection. (*Id.* at 12-13.)[1] Furthermore, Debtors argue that the Bankruptcy Court erred in its analysis when it determined that their objection was procedural rather than substantive. (*Id.* at 14.) Debtors rely primarily on *In re Blendheim*, 803 F.3d 477 (9th Cir. 2015), and argue that, in that case, the Ninth Circuit held that a creditor's lien was properly voided by the bankruptcy court under 11 U.S.C. § 506(d) after the creditor filed a timely proof of claim and received timely service of the debtors' claim objection but failed to contest the disallowance of its claim. (*Id.* at 14-15.) Debtors argue that Nationstar, similar to the creditor in *Blendheim*, simply forfeited its claim by failing to present any evidence of its validity and slept on its rights. (*Id.* at 15-16.)

Second, Debtors argue that assuming, *arguendo*, that there was not an adequate basis to disallow Nationstar's claim under 11 U.S.C. § 502, this should be irrelevant to this Court's analysis because a bankruptcy court has an obligation to ensure that its orders comply with applicable law, even when matters are presented on a default basis. (*Id.* at 16.) In other words, Debtors argue that, because the Bankruptcy Court in this case made a final ruling that Nationstar's claim was disallowed, and because this ruling was never appealed, it should be treated as final and binding. (*Id.* at 17-18.) Therefore, Debtors argue, because the Bankruptcy Court's order disallowed Nationstar's claim, Nationstar's lien should be voided because "§

---

[1] Page citations refer to the page numbers used on CM/ECF rather than the actual page numbers contained in the parties' respective motion papers.

506(d)'s function is reduced to voiding a lien whenever a claim secured by the lien itself has not been allowed." (*Id.* at 18 [quoting *Bank of Am., N.A. v. Caulkett*, 135 S. Ct. 1995, 1999 (1995)].)

Third, and finally, Debtors argue that equitable considerations do not warrant a divergence from the clear legal consequences of the disallowance of Nationstar's Proof of Claim. (*Id.* at 18.) Specifically, Debtors distinguish the following cases from the present case: *In re Tarnow*, 749 F.2d 464 (7th Cir. 1984), *In re Hamlett*, 322 F.3d 342 (4th Cir. 2003), and *In re Shelton*, 735 F.3d 747 (8th Cir. 2013). (*Id.*) Debtors argue that, in all three of these cases, a creditor filed an *untimely* proof of claim, which the courts held was tantamount to not filing a claim at all. (*Id.*) Debtors argue that the courts in these cases were concerned about the equity of allowing a mortgage creditor to lose its *in rem* rights by filing an untimely claim when the merits and validity of those rights would never be addressed. (*Id.*) Debtors argue that the same equity concerns are not present in this case because a *timely* Proof of Claim was filed and Nationstar's predecessor-in-interest chose to ignore a properly noticed objection to its claim. (*Id.*)

Furthermore, Debtors argue that they have been affected by Nationstar's failure to defend the validity of its Proof of Claim because it prevented them from curing secured claims under 11 U.S.C. § 1322(c)(1). (*Id.* at 19.) Debtors argue that they have completed their Chapter 13 plan and received a discharge from the Bankruptcy Court by using all of their disposable income to pay off debt under the terms of their Chapter 13 plan. (*Id.*) Because Nationstar's claim was disallowed, Debtors argue that other creditors received more money than they would have otherwise received had Nationstar's claim been paid through the Chapter 13 plan. (*Id.*) Finally, Debtors argue that affirming the Bankruptcy Court's ruling would create fundamental inequities

between the rights of creditors and debtors, such as encouraging creditors to ignore the bankruptcy process. (*Id.* at 20.)

## 2. Nationstar's Response Brief

Generally, Nationstar's response brief asserts three arguments. (Dkt. No. 12 [Nationstar's Opp'n Mem. of Law].)

First, Nationstar argues that the Bankruptcy Court properly found that the narrow textual reading of 11 U.S.C. § 506(d) urged by Debtors runs contrary to both nationwide legal precedent and longstanding bankruptcy principles. (*Id.* at 12-13.) Specifically, Nationstar argues that well-established legal precedent dictates that § 506(d) may not be used to void a lien that has not been found to be invalid in substance. (*Id.* at 13.) Because Nationstar argues that this issue is one of first impression in the Second Circuit, Nationstar relies on five cases in support of its argument that § 506(d) cannot be used as a mechanism for voiding an otherwise valid secured lien simply because the creditor's proof of claim was disallowed for reasons other than on the merits: *In re Tarnow*, 749 F.2d at 464; *In re Hamlett*, 322 F.3d at 342; *In re Shelton*, 735 F.3d at 747; *In re Be-Mac Transport Co., Inc.*, 83 F.3d 1020 (8th Cir. 1996), and *In re Oudomsouk*, 483 B.R. 502 (Bankr. M.D. Tenn. 2012). (*Id.* at 13-17.)

With regard to Debtors' reliance on *In re Blendheim*, Nationstar argues that the Bankruptcy Court properly found that the case was not applicable to this case. (*Id.* at 19.) Specifically, Nationstar argues that the failure to respond to Debtors' objection was not "akin to a concession of error" because (a) Debtors' objection did not challenge the validity of the Proof of Claim, and (b) Debtors acknowledged in the adversary proceeding that Nationstar holds a perfected security interest by virtue of its mortgage lien. (*Id.* at 19-20.) Furthermore, Nationstar

argues that its predecessor-in-interest did not "sleep on its rights" by failing to respond to Debtors' objection because, as the Bankruptcy Court correctly noted in its Memorandum-Decision and Order, the predecessor-in-interest's conduct reflected a reasonable reliance on "the longstanding rule that a creditor can ignore the claims allowance process and later pursue its *in rem* rights." (*Id.* at 20.) Nationstar argues that this is distinguishable from *Blendheim* because, in that case, the creditor repeatedly ignored court directives to file a motion to reconsider or make some other appropriate request for relief. (*Id.*) Nationstar also argues that, in *Blendheim*, the debtors' objection to the proof of claim contained challenges to the merits of the creditor's lien, which resulted in the bankruptcy court finding "good cause" for entry of its order that voided the creditor's lien. (*Id.* at 21.)

Second, Nationstar argues that the disallowance of its Proof of Claim was procedural and not on the merits for the following four reasons: (1) claims can be disallowed under 11 U.S.C. § 502 only when the objection falls under one of the enumerated categories set forth in § 502(b), which do not include an alleged lack of documentation or a dispute as to the amount of money owed; (2) the Bankruptcy Court stated in its Memorandum-Decision and Order that its ruling was based on procedural grounds and that it did not examine the merits of Debtors' objection; (3) the disallowance of the Proof of Claim in this case is not akin to a disallowance under § 502 because (a) Debtors did not cite any provision of § 502(b) in their objection, (b) Debtors acknowledge that Nationstar holds a valid perfected mortgage lien, and (c) Debtors have acknowledged that the *only* substantive grounds for disallowance of a claim are expressly set forth in the Bankruptcy Code itself; and (4) whether or not the Bankruptcy Court's order disallowing the Proof of Claim was a "final order" is irrelevant to whether the order can be used as a basis for voiding Nationstar's lien pursuant to § 506(d). (*Id.* at 22-26.)

Third, and finally, Nationstar argues that the balance of the equities favors preservation of its lien for the following five reasons: (1) the Bankruptcy Court's Memorandum-Decision and Order is in accord with *Hamlett, Shelton, Tarnow,* and *Oudomsouk* because, as in those cases, the underlying claim was disallowed without any opportunity for the court to examine the merits of the claim or the substantive validity of the lien; (2) Nationstar has affirmatively shown that it has a valid perfected secured mortgage lien; (3) Debtors' argument (that they have lost the right to cure secured claims if Nationstar's lien is preserved) is disingenuous because it was Debtors who objected to the Proof of Claim in the first instance; (4) Debtors are not being harmed or prejudiced by the preservation of the lien because Nationstar is simply exercising its right to allow its mortgage lien to pass through bankruptcy and pursue its underlying *in rem* rights; and (5) Debtors have benefitted from being allowed to live at the subject premises for approximately eight years without making a single mortgage payment. (*Id.* at 26-28.)

### 3. Debtors' Reply Brief

Generally, in their reply brief, Debtors argue that 11 U.S.C. § 502(b) is unambiguous and a plain reading of that provision dictates that disallowance of Nationstar's Proof of Claim could have occurred only under § 502(b) and not because of a lack of documentation. (Dkt. No. 13, at 7 [Debtors' Reply Mem. of Law].) Specifically, Debtors argue that, under § 502(b), the Bankruptcy Court must determine the amount of a claim and allow it unless one of the exceptions to § 502(b) applies. (*Id.* at 8.) Debtors argue that the comment to Fed. Bankr. R. Civ. P. 3001 specifically states that lack of required documentation cannot provide a basis for disallowance. (*Id.*) Accordingly, Debtors appear to argue that the Bankruptcy Court's order that disallowed Nationstar's claim must have been made under § 502(b) regardless of the Bankruptcy Court's stated basis for disallowing the claim. (*Id.*) If this premise is accepted then Debtors argue that voiding Nationstar's lien is mandatory under § 506(d). (*Id.* at 10.)

## II. GOVERNING LEGAL STANDARD

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). On an appeal, "a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Verna v. U.S. Bank Nat'l Ass'n*, 15-CV-1127, 2016 WL 5107115, at *2 (N.D.N.Y. Sept. 20, 2016) (Kahn, J.) (citing former Fed. R. Bankr. P. 8013); *accord*, *W. Milford Shopping Plaza, LLC v. The Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 14-CV-4170, 2015 WL 6395967, at *2 (S.D.N.Y. Oct. 21, 2015).[2] The bankruptcy court's legal conclusions are subject to de novo review. *See Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003). The court reviews mixed questions of law and fact "either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n.11 [2d Cir. 2009]).

## III. ANALYSIS

After carefully considering the matter, the Court affirms Bankruptcy Judge Davis's Order granting Nationstar's motion for summary judgment and denying Debtors' motion for summary judgment for the reasons stated in Judge Davis's Memorandum-Decision and Order as well as for the reasons stated in Nationstar's response brief. (Dkt. No. 12, at 13-28 [Nationstar's Opp'n Mem. of Law].) To those reasons, the Court adds the following analysis.

---

[2] Although Fed. R. Bankr. P. 8013 was amended in 2014 and no longer explicitly states, *inter alia*, that a district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree," "logic still compels the same conclusion with respect to the appellate powers of the District Court." *In re Great Atl. & Pac. Tea Co.*, 2015 WL 6395967, at *2 & n.1.

As an initial matter, the Court notes that Debtors' arguments are well taken and that the issue in this case presents a close call. Indeed, as the Bankruptcy Court noted, "the plain language of § 506(d) appears to support Debtors' argument when read literally and in isolation[.]" (Dkt. No. 1, Attach. 1, at 12 [Bankruptcy Ct. Decision and Order].) Furthermore, the Ninth Circuit's decision in *Blendheim* provides persuasive support for Debtors' position. However, the Court agrees for the reasons stated by the Bankruptcy Court that *Blendheim* is sufficiently distinguishable from the present case because the creditor in *Blendheim* clearly slept on its rights and there was a substantive challenge to the creditor's proof of claim. (*Id.* at 11.)

More importantly, the Court finds that, in the present case, the Bankruptcy Court did not make a determination regarding the merits of Nationstar's Proof of Claim. "The fundamental purpose of the claims allowance process and the various rules for filing proofs of claim and allocating burdens of proof is to provide a fair and inexpensive procedure for the proper determination of claims *on the merits*." *In re Shank*, 315 B.R. 799, 814 (Bankr. N.D. Ga. 2004) (emphasis added); *see also Hamlett*, 322 F.3d at 348 ("[Section] 506[d] only empowers the bankruptcy court to void liens supporting disallowed claims if it judges those liens to be invalid *in substance*.") (emphasis added). Here, "Debtors did not cite a specific provision of § 502(b) in their claim objection and they concede that they could not have done so because Nationstar is a proper mortgagee with respect to the Property." (Dkt. No. 1, Attach. 1, at 9 [Bankruptcy Ct. Decision and Order].) *See In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007) ("[T]he only substantive grounds for disallowance of a claim are expressly set forth in the Bankruptcy Code . . . [and] lack of the documentation required by Rule 3001(c) . . . is not a *substantive* ground for disallowing a claim."). Nonetheless, the Bankruptcy Court disallowed Nationstar's claim based

upon its failure to respond to Debtors' objection rather than relying on one of the specific provisions under § 502(b). However, courts in this Circuit have found disallowance of a claim to be appropriate on procedural grounds where a creditor has failed to respond to an objection that was based on insufficient documentation. *See In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) ("[I]n certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason under 11 U.S.C. § 502[b], because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); *Porter*, 374 B.R. at 480 ("[U]nder some circumstances lack of . . . documentation [required by Rule 3001(c)] followed by a creditor's failure to appear or otherwise respond to an objection . . . made on the grounds of insufficient annexed documentation may result in a disallowance of the claim on procedural (i.e., default) grounds.").

Accordingly, for the foregoing reasons, the Court affirms the decision of the Bankruptcy Court. The Court notes that it does not condone a creditor's failure to respond to a debtors' objection after the creditor has filed a timely proof of claim. Although Nationstar's predecessor-in-interest did not have to file a proof of claim to preserve its lien, it chose to do so, thereby subjecting itself to the jurisdiction of the Bankruptcy Court and its rules. Nationstar's predecessor-in-interest therefore should have remained vigilant in defending the validity of its lien once Debtors filed an objection instead of deciding, without warning, that it would rely on the longstanding rule that a creditor can ignore the claims allowance process without losing its *in rem* rights. Indeed, it is only because no determination was made as to the validity of Nationstar's lien and the fact that Debtors conceded that Nationstar holds a valid perfected

mortgage lien that Nationstar does not now face the same consequences as the creditor in *Blendheim*.

**ACCORDINGLY**, it is

**ORDERED** that Debtors' appeal is **DENIED**, and Bankruptcy Judge Davis's Order is **AFFIRMED**.

Dated: September 11, 2017
       Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge